THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KIMBERLY LANE TIPTON                                                              PLAINTIFF

v.                                            CIVIL NO. 23-2105

MARTIN J. O'MALLEY, Commissioner                                                  DEFENDANT
Social Security Administration

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Kimberly Lane Tipton, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background**

Plaintiff protectively filed her applications for DIB and SSI on March 22, 2021, and on March 29, 2021, alleging an inability to work since March 12, 2021, due to anxiety, depression, vertigo, a slow heart rate, high cholesterol, and problems with her back, neck, and shoulders. (Tr. 14, 273). An administrative hearing was held via telephone on January 18, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 39–57). A vocational expert (VE) also testified at this hearing. *Id*.

On November 4, 2022, the ALJ issued an unfavorable decision. (Tr. 11–30). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of

1

impairments that were severe: degenerative disc disease of the cervical spine status post multiple surgeries, lumbar spine osteoarthritis with mild disc bulge, and dizziness. (Tr. 17–18). The ALJ found Plaintiff also suffered from the nonsevere impairments of bradycardia, hypertension, hyperlipidemia, insomnia, tremor, cystocele, depressive disorder, and anxiety disorder. After reviewing all evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Appendix I, Subpart P, Appendix 1. (Tr. 18–19). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can never climb ladders, ropes, or scaffolds; can have no exposure to unprotected heights or moving mechanical parts; can occasionally perform overhead reaching bilaterally; can frequently handle and finger bilaterally; can occasionally climb ramps and stairs; and can occasionally stoop, kneel, crouch, and crawl.
> (Tr. 19–22).

With the help of a VE, the ALJ determined that Plaintiff would be able to perform her past relevant work as a verification clerk and as a loan officer; and would additionally be able to perform the representative occupations of credit clerk, distribution clerk, and dividend clerk. (Tr. 22–24). The ALJ found Plaintiff had not been under a disability, as defined by the Act, from March 12, 2021, through November 4, 2022, the date of her decision. (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which was denied on June 13, 2023. (Tr. 1–3). Subsequently, Plaintiff filed this action. (ECF No. 3). The parties have filed appeal briefs and this case is before the undersigned for report and recommendation pursuant to 28 U.S.C. §36(b). (ECF Nos. 11, 13). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.    Applicable Law**

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). So long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial

gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). The fact finder only considers Plaintiff's age, education, and work experience in light of his or her residual functional capacity if the final stage of the analysis is reached. 20 C.F.R. § 404.1520(a)(4)(v).

## III.  Discussion

Plaintiff raises the following issues in this matter: 1) whether the ALJ erred in failing to fully and fairly develop the record; 2) whether the ALJ erred at step two by failing to evaluate Plaintiff's PTSD; 3) whether the ALJ erred by failing to properly evaluate the Plaintiff's subjective complaints; 4) whether the ALJ erred in his RFC determination; and 5) whether the ALJ erred in relying upon the testimony of the VE. (ECF No. 11). Defendant argues that the ALJ fulfilled her duty to develop the record; there was no reversible error at step two; the ALJ properly evaluated Plaintiff's subjective complaints; the ALJ properly evaluated Plaintiff's RFC; and that the VE's testimony constituted substantial evidence that Plaintiff was not disabled. (ECF No. 13).

### A.  Duty to Develop Record

Plaintiff asserts the ALJ erred in accepting the opinion evidence from the State Agency psychiatrists, but not from Plaintiff's treatment provider, Dana Thomason, Ph.D. (ECF No. 11, p. 4). Plaintiff objects to the ALJ's failure to specifically analyze PTSD, in spite of Plaintiff's treatment for PTSD by Dr. Thomason who is a specialist in PTSD. *Id.* Plaintiff asserts the ALJ improperly rejected the opinion evidence offered by Dr. Thomason on the basis of other medical

4

records showing normal thought content, memory, and thought process, and argues this was error as none of these factors are relevant to her PTSD. *Id*, p. 5.

Plaintiff further argues that the ALJ cherry-picked the opinion evidence offered by Clint Bacchus, PT, and that the portions of the record the ALJ cited as inconsistent with the opinion were not appropriately considered. (ECF No. 11, p. 5; Tr. 22). Plaintiff argues the ALJ's sedentary exertional restriction emerged from thin air as it was not supported by any treating or examining source opinion evidence. Finally, Plaintiff objects to the ALJ's finding that the opinion of Plaintiff's physician, Dr. Robert Noonan, was not persuasive. (ECF No. 11, p. 6). Plaintiff alleges the ALJ erred by continuing to cherry-pick evidence supportive of her improper RFC findings.

The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure her decision is an informed decision based on sufficient facts. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). However, the ALJ is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record. *Whitman v. Colvin*, 762 F.3d 701, 707 (8th Cir. 2014) (quoting *Clark v. Shalala*, 28 F.3d 828, 830-31 (8th Cir. 1994). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but must also show that she was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Initially, the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of her limitations and impairments. *See Barrett v. Shalala,* 38 F. 3d 1019, 1023 (8th Cir. 1994). While the ALJ has an independent duty to develop the record in a social security disability hearing, the ALJ is not required "to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped." *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

Further, Plaintiff's assertion that the ALJ's sedentary restriction emerged out of thin air because it was not based upon evidence from a treating or examining source is misplaced. On January 18, 2017, the agency published revisions to its regulations regarding the evaluation of medical evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132 (Mar. 27, 2017)). The revised regulations became effective on March 27, 2017. The revised regulations change agency policy in several respects and differ from the prior medical evidence rules in several key ways. *See* 81 Fed. Reg. at 62,560. While the ALJ must articulate her consideration of all medical opinions, the regulations governing claims filed on or after March 27, 2017, no longer mandate particularized procedures that the adjudicator must follow in considering opinions from treating sources (e.g., requirement that adjudicators must "give good reasons" for the weight given a treating source opinion). *Compare* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (2016) and 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (2017) with 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (2017). Rather, the ALJ focuses on the persuasiveness of the medical opinion(s) or prior administrative medical finding(s) using the following five factors: (1) supportability; (2) consistency; (3) relationship with the claimant (which includes) (i) length of the treatment relationship, (ii) frequency of examinations, (iii) purpose of the treatment relationship, (iv) extent of the treatment relationship, (v) examining relationship; (4) specialization; (5) other factors. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c) (2017). The ALJ must explain how she considered the factors of supportability and consistency, which are the two most important factors in determining the persuasiveness of a medical source's medical opinion or a prior administrative medical finding. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2) (2017). The ALJ must explain in her decision how persuasive she finds a medical opinion(s) and/or a prior administrative medical

6

finding(s) based on these two factors. *Id*. The ALJ may, but is not required to, explain how she considered the other remaining factors, unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3) (2017).

With regard to mental opinion evidence, the ALJ considered the opinions of the nonexamining psychiatrists Margaret Podkova, Psy.D., and Diane Kogut, Ph.D., and found them to be persuasive as they were supported by the record and consistent with the overall record. (Tr. 21). However, the ALJ found the opinion of Dr. Thomason to be unpersuasive. (Tr. 21–22). Dr. Thomason provided opinion evidence on a Mentally Capacity Assessment form and indicated Plaintiff would have moderate or marked limitations in all functional areas, would be absent or need to leave work early twice a month, and could not stand or sit for long periods of time. (Tr. 889–893) The ALJ found that Dr. Thomason's opinion was not supported by any examination she performed and was not consistent with the overall record which reflected normal memory, thought content, and thought process. (Tr. 21–22, 889–93, 1001–1014).

The ALJ did not find any physical opinion evidence fully persuasive. (Tr. 21–22). The ALJ found the opinions of nonexamining physicians Rosey Seguin-Calderon, M.D., and Lucy Sauer, M.D., unpersuasive as they were not supported by the records and were inconsistent with the overall record, which warranted greater limitations than the light work they opined Plaintiff would be able to perform. The ALJ also considered the opinion of Clint Bacchus, PT, who performed a functional capacity exam on Plaintiff on April 25, 2022, and found that while Bacchus' opinion was supported by his observation of Plaintiff's decreased grip strength, overall strength, and loss of motion in the cervical and lumbar spine, it was not entirely consistent with the overall record. (Tr. 22, 895–98). The ALJ found that the claimant would not require additional breaks or the ability

to change positions at will as Mr. Bacchus had opined. The ALJ also considered the opinion of Dr. Noonan, and found it was not persuasive as it was not supported by any noted examination performed by Dr. Noonan and was not consistent with the overall record. (Tr. 22, 899–902).

In this case, the ALJ appropriately relied upon the opinion evidence offered by the State Agency psychiatrists in evaluating Plaintiff's mental impairments, and permissibly discounted the opinion of Dr. Thomason as it was not supported by her own examinations and was not consistent with the overall record. While the ALJ did not fully rely on any one opinion regarding Plaintiff's physical RFC, this was not error as the ALJ was not required to do so. The ALJ is only required to have sufficient evidence, which this case provides. Further, Plaintiff must not only show the ALJ failed to fully and fairly develop the record, but that she was prejudiced or treated unfairly by the ALJ's alleged failure to develop the record. Plaintiff has made no demonstration that any further record development would have changed the outcome of the ALJ's determination, and thus fails to show prejudice.

As Plaintiff has failed to demonstrate that the record was not fully developed and that she was prejudiced by any perceived failure to develop the record, there is no basis for reversal on this issue.

### B. Step Two

Plaintiff argues the ALJ erred at step two by failing to evaluate Plaintiff's PTSD, which she asserts was her primary mental impairment. (ECF No. 11, p. 7). Plaintiff argues the ALJ erred by only evaluating Plaintiff's depressive disorder and anxiety disorder, and that this omission of PTSD at step two was amplified in the RFC determination when the ALJ erred in rejecting Dr. Thomason's opinion as incongruous with the normal memory, thought content, and thought process in the medical evidence — which Plaintiff argues are irrelevant to the evaluation of PTSD. *Id*. Finally, Plaintiff argues the ALJ erred in relying upon the opinions of the state agency

psychiatrists who did not have access to the treatment records or opinion of Dr. Thomason as their opinions were rendered before Plaintiff began treating with her.

Plaintiff's assertion that PTSD was her primary mental impairment is inconsistent with the fact that she did not allege she suffered from PTSD in her initial application. (Tr. 273). The fact that an impairment is not alleged in the initial application, even if evidence is developed at a later date, is significant. *Dunahoo v. Apfel*, 241 F.3d 1033 (8th Cir. 2001); *see Smith v. Shalala,* 987 F.2d 1371, 1375 (8th Cir.1993). Upon review of Dr. Thomason's treatment notes, it is clear from their first meeting on March 3, 2022, that Dr. Thomason believed Plaintiff had experienced a recent trauma, namely witnessing a violent attack. (Tr. 1001–1003). Dr. Thomason also noted Plaintiff was normal in most areas including attention, memory, orientation, affect, speech flow, thought content, abstraction, and intelligence although she was very tearful, and she had poor insight. *Id*. Plaintiff argues the ALJ did not properly address Plaintiff's PTSD when discounting the opinion evidence of Dr. Thomason based upon treatment notes of normal memory, thought content, and thought process, as none of these measures are relevant to PTSD. Plaintiff does not cite any case law to support this argument, instead broadly directing the Court to a review of the DSM-V. (ECF No. 11, p. 5, 8).

As the Commissioner argues, the Plaintiff must do more than prove a diagnosis in order to show error in an ALJ's failure to find an impairment severe. *Kirby v. Astrue*, 500 F.3d 705, 707. Here, Plaintiff has failed to assert what limitations the ALJ failed to account for beyond those identified in the ALJ's RFC determination.

While evidence of a new impairment developed after opinion evidence is rendered may make those opinions unreliable, the mere fact that additional medical evidence became available after the state agency medical experts evaluated Plaintiff's treatment records does not necessarily

9

render their opinions unreliable. *Chandler v. Comm'r of Social Security*, 667 F.3d 356, 361 (3d Cir. 2011) (cited by *Kohn v. Colvin*, 2013 WL 5375415, at *14 (N.D. Iowa Sept. 26, 2013) ("[B]ecause state agency review precedes ALJ review, there is always some time lapse between the consultant's report and the ALJ hearing and decision. The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). In this case, Plaintiff has not shown an improper consideration of her mental limitations and has failed to show reversible error at step two.

### C. Subjective Complaints

Plaintiff argues the ALJ cherry-picked Plaintiff's reported activities as indicia of non-disability and therefore discounted her credibility. (ECF No. 11, p. 8).

Part of the RFC determination includes an assessment of the claimant's credibility regarding subjective complaints. Using the *Polaski* factors, "[s]ubjective complaints may be discounted if there are inconsistencies in the evidence as a whole." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984); *see also Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000) (noting Polaski factors must be considered before discounting subjective complaints). In addition to the claimant's prior work record, the *Polaski* factors include (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *Polaski*, 739 F.2d at 1322; *see also* 20 C.F.R. § 404.1529.

The Commissioner argues the ALJ properly considered and discussed Plaintiff's subjective complaints. (ECF No. 13, pp. 6–7). As the Commissioner points out, the ALJ considered Plaintiff's own statements regarding her activities including gardening, meal preparation, and housework; her doctors' reports consistently documenting normal gait and station, normal strength, normal

range of motion, normal sensation, diagnostic imaging showing a mild lumbar disc bulge; her function reports; improvement following cervical fusion surgery; good response to medial branch blocks in her lumbar region; prior administrative medical findings; and the opinion evidence. (TR. 19–22). The ALJ adequately considered and articulated her analysis of Plaintiff's subjective complaints in accordance with the *Polaski* factors.

### D.  Residual Functional Capacity

Plaintiff argues the ALJ's RFC findings were not supported by the medical evidence of record or the opinion evidence. (ECF No. 13, p. 7). Plaintiff also asserts that an ALJ is required to obtain some medical information from an examining source that addresses her ability to function in the workplace.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Cox v. Astrue,* 495 F.3d 614, 619 (8th Cir. 2007). However, there is no requirement that an RFC finding be supported by a specific medical opinion. *Hensley v. Colvin*, 829 F.3d 926, 931-932 (8th Cir. 2016); *Myers v. Colvin*, 721 F.3d 521, 526– 27 (8th Cir. 2013) (affirming RFC without medical opinion evidence); *Perks v. Astrue*, 687 F.3d 1086, 1092– 93 (8th Cir. 2012). Furthermore, this Court is

11

required to affirm the ALJ's RFC determination where that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel*, 228 F.3d 860, 862 (8th Cir. 2000).

In this case, the ALJ considered all of the opinion evidence, the medical evidence of record, Plaintiff's testimony, and Plaintiff's function and pain reports. (Tr. 19–22). The ALJ considered all of the opinion evidence and considered the supportability and consistency of their opinions. (Tr. 21–22). As discussed above, the ALJ was free to sort through and accept or reject treating source opinion evidence. The Court finds the ALJ did not err in her assessment of the opinion evidence and the ALJ's RFC assessment was consistent with substantial evidence contained in the well-developed record.

### E. Vocational Expert Testimony

Plaintiff argues the ALJ and VE erred by not procuring any hearing testimony regarding the exertional requirements of her prior banking jobs. (ECF No. 11, p. 10). Plaintiff also objects to the ALJ's finding that Plaintiff could perform her past relevant work as a verification clerk and later finding Plaintiff could alternatively perform the job of credit clerk, as these two jobs share the same DOT number. *Id*. Finally, Plaintiff argues the ALJ erred by finding — without supporting testimony from the VE — that the postural, manipulative, and environmental limitations contained in the RFC would have only minimal effect on the sedentary clerking positions she found Plaintiff would be capable of performing. *Id*.

It is important to note that Plaintiff was found not disabled at step four, as the ALJ found Plaintiff could return to her past relevant work as a verification clerk or as a loan officer as Plaintiff actually performed these jobs and as they are generally performed in the national economy. (Tr. 22–23). As the Commissioner argues, Plaintiff bears the burden of proof through the first four steps of the evaluation process, and the Eighth Circuit has held that VE testimony is not required

12

at Step Four. S*ee Steed v. Astrue,* 524 F.3d 872, 874 n. 3 (8th Cir. 2008) ("Through step four of [disability] analysis, the claimant has the burden of showing that she is disabled."); *see Gowell v. Apfel*, 242 F.3d 793, 799 (8th Cir. 2001). Therefore, the repetition of the DOT code — referring to the verification clerk job at step four and the credit clerk job at step five —was not reversible error.

As the Commissioner argues, the ALJ questioned the VE concerning the manipulative restrictions contained in the RFC and whether they would prevent Plaintiff from performing her past relevant work. (Tr. 53). Additionally, the postural and environmental limitations did not require specific VE testimony as the Social Security regulations provide that postural and hazard restrictions typically do not significantly erode the occupational base for sedentary work as those activities are not usually required in sedentary work. SSR 96-9, 1996 WL 374185 (1996). Plaintiff has not shown that the ALJ erred in relying upon the VE's testimony.

V.      **Conclusion**

Accordingly, the undersigned recommends affirming the ALJ's decision, and dismissing Plaintiff's case with prejudice. **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of May 2024.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE